UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RALPH SACKS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 16-16578** |
| | * | |
| **ALLSTATE PROPERTY** | * | **SECTION "L" (5)** |
| **AND CASUALTY INSURANCE** | * | |
| **COMPANY** | * | |

## ORDER AND REASONS

Before the Court are cross-motions for summary judgment. *See* Rec. Docs. 11 & 21. Plaintiff Ralph Sacks ("Sacks") asks this Court to grant summary judgment on the issue of bad faith damages and to award penalties and attorney's fees against Allstate. On the other hand, Defendant Allstate Property and Casualty Insurance Co. ("Allstate") argues that there is insufficient information to support a bad faith claim. Having considered the parties' arguments, submissions and applicable law, the Court now issues this Order and Reason.

## I. BACKGROUND

This case arises from injuries Sacks allegedly sustained as a result of an automobile accident. Rec. Doc. 1-2 at 3. Plaintiff initially filed this action in the 24th Judicial Court for the Parish of Jefferson. Rec. Doc. 1 at 1. Defendant timely removed and maintained this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff alleges he had stopped his vehicle at a stop sign on Lafayette Street at its intersection with 5th Street in Jefferson Parish, Louisiana, when he was struck from behind by Claire Gregorie, who was found to be at fault for the accident. Rec. Doc. 1-2 at 3-4. Plaintiff claims he sustained three herniated cervical discs and underwent a cervical epidural injection and shoulder surgery. *Id.* at 5. State Farm Fire Insurance Company provided a policy of liability to

1

Ms. Gregorie at the time of the accident. *Id.* at 4. On June 6, 2016, State Farm tendered its policy limit of $15,000.00 to Plaintiff. *Id.* at 5.

The instant dispute arises from Plaintiff's uninsured/underinsured motorist policy with Defendant Allstate, which Plaintiff had at the time of the accident. *Id.* On May 3, 2016, Plaintiff made a demand for an unconditional tender of the policy. *See id.*; Rec. Doc. 11-1 at 3. Plaintiff alleges he sent in the necessary supporting medical records and bills with his demand, and that this constituted satisfactory proof of loss for Allstate to make an unconditional tender. Rec. Doc. 21-1 at 3. Allstate claims that Plaintiff's initial demand package did not include the necessary declaration form containing information about the tortfeasor's underlying coverage. Rec. Doc. 11-1 at 3. Allstate avers that it notified Plaintiff's counsel of the missing form on May 16, 2016. *Id.* Allstate did not receive the missing information until August 1, 2016. *Id.* at 3-4.

After reviewing the medical records, Allstate notified Plaintiff that the medical record had missing information: it contained no express opinions from Plaintiff's physicians linking Plaintiff's medical treatment to the accident. Rec. Doc. 11-1 at 3-4. Therefore, on August 17, 2016, Allstate requested further information from Plaintiff's physicians in order to determine whether any of the alleged injuries were due to preexisting or subsequent injuries. Rec. Doc. 11-1 at 4. Allstate alleges that because it was missing this material information, a question of causation remained, and therefore it did not initiate tender to Plaintiff. *Id.*

On October 11, 2016, Plaintiff initiated this instant lawsuit, alleging that Allstate failed to make a tender. *See* Rec. Doc. 1-2. Specifically, Plaintiff claims Allstate acted in bad faith by (1) failing to make an unconditional tender within 30 days of satisfactory proof of loss in accordance with Louisiana Revised Statutes 22:1892 and 22:1973; (2) failing to properly settle the claim in a timely manner after receipt of satisfactory proof of loss in accordance with Louisiana Revised

Statutes 22:1892 and 22:1973; and (3) failing to timely investigate the veracity of the claim. *Id.* at 6.

After the lawsuit was filed, Allstate conducted discovery and resolved the medical causation issue. *See* Rec. Doc. 11-1 at 5. On May 30, 2017, it issued an unconditional tender of $107,188.00, based on Plaintiff's shoulder arthroscopy and an epidural steroid injection. *Id.* Shortly thereafter, Allstate initiated an additional unconditional tender of $142,812.00 based on Plaintiff's neck surgery. *Id.* at 5-6. This exhausted Plaintiff's policy limit. *Id.* at 6. The only issue that remains now is whether Allstate acted in bad faith by allegedly delaying its payments.

## II.     PRESENT MOTIONS

Defendant filed a motion for summary judgment dismissing Plaintiff's suit, arguing that, as a matter of law, there is not sufficient evidence to establish that Allstate acted in an arbitrary and capricious manner in handling Plaintiff's claim. *See generally* Rec. Doc. 11-1. Specifically, Allstate asserts that it had reasonable and legitimate questions about Plaintiff's insurance claim. *Id.* at 1. Plaintiff filed a cross-motion for summary judgment, arguing that Allstate acted in an arbitrary and capricious manner by failing to timely investigate his claim and failing to make a timely unconditional tender. Rec. Doc. 21-1 at 1.

## III.    LEGAL STANDARD

### A.    Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all

of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

**B.     Bad Faith of the Insurer**

Under Louisiana law, insurance companies owe a duty of good faith to the insured. *See* La. R. S. 22:1973. Insurers who breach this duty may be liable for damages as well as discretionary penalties and attorney's fees under Louisiana Revised Statutes 22:1892. *Id.*; *Dickerson v. Lexington Ins. Co.*, 556 F.3d. 290, 297 (5th Cir. 2009). One who claims entitlement to penalties and attorney fees has the burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause. *Reed*

4

*v. State Farm*, 857 So.2d 1012, 1020 (La. 2003). A "satisfactory proof of loss" is that which is sufficient to fully apprise the insurer of the insured's claim. *Louisiana Bag Company, Inc. v. Audubon Indemnity Company*, 999 So.2d 1104, 1119 (La. 2008); *McDill v. Utica Mutual Insurance Company*, 475 So. 2d 1085, 1089 (La. 1985). The Fifth Circuit has held that in order to prove that the insurer acted in bad faith when failing to timely pay, the insured must prove that the insurer (1) received satisfactory proof of loss, (2) failed to pay within the established timeframe, and (3) acted "arbitrarily and capriciously." *Dickerson*, 556 F.3d. at 297.

"Satisfactory proof of loss" has been defined by Louisiana courts as having sufficient information to "fully apprise the insurer of the insured's claims." *McDill*, 475 So.2d at 1089. Louisiana courts typically interpret the arbitrary and capricious requirement as an unjustified failure to pay, "without reasonable or probable cause or excuse." *Id.* (quoting *Reed*, 857 So.2d at 1021). Arbitrary and capricious have the same meaning under both Louisiana Revised Statutes 22:1973 and 22:1892. A plaintiff may recover attorney's fees under Louisiana Revised Statute 22:1892, and may seek damages and penalties under 22:1973. *Dickerson*, 556 F.3d. at 297. Additionally, "[a]n insurer does not act arbitrarily and capriciously . . . when it withholds payment based on a genuine (good faith) dispute about the amount of a loss or applicability of coverage." *Id.*

The sanctions of penalties and attorney fees are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay. *Reed*, 857 So.2d at 1021; *Lemoine v. Mike Munna, L.L.C*., 148 So.3d 205, 215 (La. App. 1st Cir. June 6, 2014). One who claims entitlement to penalties and attorney fees has the burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause. *Reed*, 857 So.2d at 1020. And it is a high burden.

5

*See Lewis v. State Farm Insurance Co.*, 946 So.2d 708, 725 (La. Ct. App. 2d Cir. 2006) (citing *Holt v. Aetna Casualty & Surety Co.*, 680 So. 2d 117 (La. Ct. App. 2d Cir. 1996)) (noting plaintiffs seeking penalties for a breach of good faith bear high burden of proof).

## IV. DISCUSSION

Plaintiff alleges that Allstate acted in bad faith in handling his claim. Rec. Doc. 21-1. Specifically, Plaintiff argues that Allstate acted arbitrarily and capriciously by breaching its duty to timely investigate his claim, and by failing to make a timely unconditional tender. *Id.* at 1. Allstate filed a cross-motion for summary judgment, claiming that it had reasonable and legitimate questions about Plaintiff's claims. Rec. Doc. 11-1 at 1. Simply put, the question before this Court now is whether Allstate's acted arbitrarily and capriciously when Allstate allegedly delayed its unconditional tender.

The answer to that question rests in part on whether and when Allstate received satisfactory proof of loss. *See McDill*, 475 So. 2d at 1087; *see also Louisiana Bag Co., Inc. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1119 (La. 2008). To establish a "satisfactory proof of loss" of an uninsured/underinsured motorist's claim, the insured must establish that the insurer received sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages. *McDill*, 475 So. 2d at 1089 (citing *Hart v. Allstate Insurance Company*, 437 So. 2d 823 (La. 1983).

Opinion of medical causation is needed before an insurance tender. *Odstrcil v. State Farm Mut. Auto Ins. Co*, 221 So. 3d 83, 87 (La. App. 3d Cir. May 3, 2017), *reh'g denied* (Aug. 2, 2017) (statutory timeframe of 30-days did not start until insured produced medical opinion on causation). For example, in *Boudreaux v. State Farm Mutual Automobile Insurance Co.*, 896 So.2d 230 (La.

6

Ct. App. 4th Cir. 2005), the plaintiff sued defendant insurer for denying her claim, alleging it had done so in bad faith. *Id.* at 232. Nonetheless, the court reasoned that defendant insurer did not err in denying the claim—because plaintiff had failed to provide the insurer with the requested medical records of her back surgery. *Id.* at 236. Likewise, in *Reed*, the court held that defendant insurer did not have satisfactory proof of loss because after investigation of plaintiff's prior medical history, it had reason to believe the accident at issue may have aggravated a pre-existing condition. 857 So. 2d at 1023.

Here, there is a dispute of material facts regarding when satisfactory proof of loss was established. Allstate contends that the medical record initially provided by Plaintiff failed to link his injuries to the July 22, 2015 accident. Rec. Doc. 11-1 at 4. Plaintiff allegedly did not return forms from Allstate requesting clarification. *See id.* Even after Plaintiff provided updated medical records on September 1, 2016, the doctors' statements allegedly did not link the medical treatment to the accident. This is analogous to the situation in *Reed*, where the insurance company reasonably believed that the accident may have arisen from a pre-existing condition. *See Reed*, 857 So. 2d at 1023. Plaintiff opposes these contentions, claiming that the information he provided was sufficient to receive a tender within the statutorily-provided 30 days.

Whether the delay in payment is arbitrary and capricious generally requires a factual determination. In *Merwin v. Spears*, the Louisiana Supreme Court reversed a summary judgment in favor of the insured, finding that the determination of whether the insurer's decision to deny the claim was reasonable necessarily involved consideration of factual issues. 90 So.3d 1041 (La. 2012). The court further observed that summary judgment is "rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith." *Id.* at 1042; *see also* 15 La. Civ. L. Treatise, Insurance Law & Practice § 11:6 (4th ed.). Under La.

R.S. 22:1973, the outcome of the "arbitrary and capricious aspect of the bad-faith penalty inquiry requires a factual finding of the reasonableness of the dispute, *i.e.*, a reasonable defense, as well as a finding that the insurer acted in good faith in its reliance upon that reasonable defense." *Thibodeaux v. Arvie*, 2017-625, 2017 WL 3775712 *5 (La. Ct. App. 3d Cir. Aug. 31, 2017). Therefore, such "fact-intensive inquiry [] is not ripe for resolution on summary judgment." *Id*.

In this case, based on the record alone, the Court cannot determine when Allstate received satisfactory proof of loss from the accident and whether the alleged delay rise to the level of arbitrary and capricious. The record has missing information: it is unclear when Allstate received satisfactory proof of loss during discovery, which triggered the eventual unconditional tender. The Court cannot speculate—let alone find—bad faith simply based on the sequence of events here. Finding bad faith requires a factual determination, a task best left for the jury. *See Thibodeaux*, 2017 WL 3775712, at *5 (arbitrary and capricious aspect of bad-faith penalty requires a factual finding of reasonableness of the dispute). Accordingly, summary judgment on Plaintiff's bad faith claim is inappropriate at this juncture.

## V. CONCLUSION

Based on the foregoing, accordingly,

**IT IS ORDERED** that both Plaintiff and Defendant's motions for summary judgment (Rec. Docs. 11 & 21) are hereby **DENIED**.

New Orleans, Louisiana, this 24th day of October, 2017.

*[signature]*

**ELDON E. FALLON**
United States District Judge