UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RALPH SACKS | CIVIL ACTION |
| VERSUS | NUMBER: 16-16578 |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | SECTION: "L"(5) |

## ORDER AND REASONS

Before the Court is the Partial Motion for Summary Judgment of Defendant, Allstate Property and Casualty Insurance Company ("Allstate"). (Rec. doc. 55). The motion is opposed by Plaintiff. (Rec. doc. 58). On its own order, the Court heard oral argument on the motion on February 21, 2018, during which it directed the Defendant to file a reply to Plaintiff's opposition memorandum by February 28, 2018 and gave the Plaintiff the option of submitting a surreply within two weeks thereafter. (Rec. docs. 56, 60). Defendant's reply memorandum is now before the Court. (Rec. doc. 62). Plaintiff, however, has failed to avail himself of the opportunity to submit a surreply. For the reasons that follow, it is ordered that the motion is granted.

This timely-removed, diversity-based action arises from injuries allegedly sustained by Plaintiff as a result of a motor vehicle accident that occurred on July 22, 2015, in which the vehicle in which he was driving was rear-ended by a vehicle driven by one Claire Gregoire. (Rec. docs. 1, 1-2). At the time of the accident, Ms. Gregoire had in place with State Farm Fire Insurance Company an automobile liability policy with a coverage limit of $15,000. (Rec. doc. 1-2). That policy limit was subsequently tendered to Plaintiff by State Farm. (*Id.*). At the time of the accident, Plaintiff also had uninsured motorist ("UM") coverage through an

automobile liability policy through Allstate covering himself and his wife, Lisa Sacks, with a per-person limit of $250,000.00. (Rec. doc. 55-5, pp. 11-3). The instant lawsuit was brought by Plaintiff as a result of Allstate's initial failure to make an unconditional tender of the policy limits which it ultimately did after conducting discovery in this matter, thus exhausting the limits of the policy coverage. (Rec. doc. 11-1, pp. 5-6). The issue of whether Allstate acted in bad faith by delaying its payments on the UM coverage component of the Sacks' liability insurance policy remains unresolved despite motion practice previously engaged in by the parties. (Rec. docs. 11, 21, 41).

In addition to the State Farm and Allstate insurance policies described above, potentially at play in connection with the accident in question is a personal umbrella policy issued to Plaintiff's wife by Allstate which provided excess liability coverage for bodily injury up to $1,000,000.00. (Rec. doc. 55-6, pp. 3-5). The declaration page of that umbrella policy bears the notation that "Uninsured Motorists Insurance Rejected." (*Id.* at p. 3). By way of the motion that is presently before the Court, Allstate seeks summary judgment on the issue of whether UM coverage under the umbrella policy was validly waived by Ms. Sacks, thus providing no such coverage to Plaintiff with respect to the accident at issue. In opposing Allstate's motion, Plaintiff relied upon a number of cases[1] in arguing that there was no valid waiver of UM coverage by Ms. Sacks because the waiver form that she executed did not bear the number of the umbrella policy and there was no showing that "… the policy number was not available at the time of the purported waiver." (Rec. doc. 58, p. 3). Following the hearing on Defendant's motion, it has provided the Court with a duly-executed affidavit from the

---

[1] *Duncan v. USAA Ins. Co.*, 950 So.2d 544 (La. 2006); *Hayes v. DeBarton*, 211 So.3d 1275 (La. App. 3rd Cir.), *writ denied*, 220 So.3d 743 (La. 2017); *Kurtz v. Milano*, 6 So.3d 916 (La. App. 4th Cir. 2009); *Angelin v. Ins. Co. of State of Penn.*, No. 16-CV-15189, 2017 WL 1494500 (E.D. La. Apr. 26, 2017).

insurance adjuster handling Plaintiff's claim. (Rec. doc. 64-2). In that affidavit the adjuster attests to the fact that when the umbrella policy was initially obtained in 2013, Ms. Sacks executed the waiver of UM coverage form that is appended thereto, which form admittedly does not bear the number of the umbrella policy. (*Id.*; rec. doc. 64-3). Allstate argues in its reply memo that under the law that was in effect at the time that the waiver was executed, a policy number was not required to be included in a UM waiver form and that the waiver of such coverage is therefore valid.

Summary judgment is appropriate under Rule 56(c) when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986). Although all inferences drawn from the evidence are to be resolved in the non-movant's favor, he may not rest on the mere allegations or denials in his pleadings. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). Rather, once a properly supported motion for summary judgment is made, the burden shifts to the non-movant who bears the burden of proof at trial to show with "'significant probative' evidence" that there exists a triable factual issue. *Kansa Reinsurance v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1371 (5th Cir. 1994)(quoting *In re: Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982)). That burden is not satisfied by "… 'some metaphysical doubt as to the material facts,' … by 'conclusory allegations,' … by 'unsubstantiated assertions,' … or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*)(citations omitted). Rather, the nonmovant "… must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case; naked assertions of an actual dispute will not suffice." *Matter of Lewisville Properties, Inc.*, 849 F.2d 946, 950 (5th Cir. 1998). The

3

insufficiency of the proof must be such that it would prevent a rational finder of fact from finding for the non-moving party. *Phillips Oil Co v. OKC Corp.*, 812 F.2d 265, 272-73 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152 (1987).

In opposing Defendant's motion, Plaintiff primarily relied upon the Louisiana Supreme Court's decision in *Duncan v. USAA Ins. Co.*, 950 So.2d 544, 551 (La. 2006) in which it held that the inclusion of a policy number on a waiver form was required for the waiver of UM coverage to be effective. Alternatively, a waiver form that failed to include a policy number would not be enforceable if the policy number did not exist at the time the waiver was executed. *Carter v. State Farm Mutual Auto. Ins. Co.*, 964 So.2d 375, 376 (La. 2007). However, as aptly noted by former Chief Judge Vance of this court:

> Since *Duncan* and *Carter* were decided, the commissioner of insurance has modified its waiver form and regulations. On August 29, 2008, the commissioner issued Louisiana Department of Insurance Bulletin No. 08-02, in order to "issue a revised UM form" and to clarify "what constitutes a properly completed form [and] what information must be included …" *See* Louisiana Department of Insurance, Bulletin No. 08-02 (Aug. 29, 2008). Under the heading "Important Form Changes," the Bulletin provides:
>
>> The revised UM form includes two boxes on the lower right hand corner of the form….The upper box contains an area that the insurer <u>may</u> use for policy information purposes (e.g. policy number, binder number [sic], application number, etc.). This box does not need to be filled in for the form to be properly completed.
>
> *Id.* (emphasis in original). Thus, under the commissioner's current regulations, the policy number is optional; the number need not be present in order for a UM waiver form to be valid. *See Chicas v. Doe*, 166 So.3d 238 (La. 2015)(noting that "in light of [Bulletin 08-02], the absence of a blank box for the policy number does not create a question of fact concerning the form's validity"); *Clark*, **2014** WL 5305887, *3 ("With the publication of LDOI Bulletin 08-02, the Commissioner no longer requires that the policy number be present on the UM selection form for the form to be considered valid."). Instead, a[] UM waiver form is valid if it contains: (1) "[the insured's] signature"; (2) 'his/her printed name to identify his/her signature"; (3) "the date the form is completed"; and (4) "initials to select/reject UMBI coverage prior to signing

4

the form." Louisiana Department of Insurance, Bulletin No. 08-02 (Aug. 29, 2008). Under the Bulletin's terms, these rules apply to all UM coverage waivers executed "[o]n or after January 1, 2010." *Id.*

*Guidry v. Geico Gen. Ins. Co.*,
No. 15-CV-1518, 2015 WL 9002408 at *3
(E.D. La. Dec. 16, 2015)(footnote omitted).

Other courts, both state and federal, have reached the same result. *Osborne v. Benson*, No. 15-CV-2845, 2017 WL 4365821 at *4 (W.D. La. Sept. 29, 2017); *Stall v. Mercury Ins. Co. of Florida*, No. 17-0439, 2017 WL 7513387 at *3-4 (La. App. 3rd Cir. Dec. 28, 2017); *Clark v. Savoy*, No. 14-CA-0308, 2014 WL 5305887 at *2-5 (La. App. 1st Cir. 2014), *writ denied*, 158 So.3d 821 (La. 2015).

In the present case, the UM waiver form that was executed by Ms. Sacks, well after Bulletin 08-02's effective date, contained her printed name and signature, the date on which the form was signed, and her initials beside a line that states: "I do not want UMBI coverage. I understand that I will not be compensated through UMBI coverages for losses arising from an accident caused by an uninsured/underinsured motorist." (Rec. doc. 64-3). The waiver form is thus valid and enforceable under Louisiana law. *Guidry*, 2015 WL 9002408 at *3. As for Plaintiff's contention made in affidavit form that Ms. Sacks "… was unaware the form … [she] signed on May 31, 2013 would remove a portion of UM coverage from … [her] policy" and that she "believed after signing the form … that Ralph Sacks and I still had $1,250,000.00 in UM coverage provided through … [the] policy," (rec. doc. 58-1), that self-serving declaration cannot overcome the well established principle that "… a party who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that [s]he did not read it, that [s]he did not understand it, or that the other party failed to explain it to … [her]." *Coleman v. Jim Walter Homes, Inc.*, 6 So.3d 179, 183 (La.

5

2009)(citing *Tweedel v. Brasseaux*, 433 So.2d 133, 137 (La. 1983)). For these reasons, Defendant's partial motion for summary judgment is granted. Counsel for the parties are forthwith directed to contact the Chambers of the Honorable Joseph C. Wilkinson, Jr. (589-7630) to schedule a settlement conference on the bad-faith claim remaining in this case.

New Orleans, Louisiana, this 21st day of March, 2018.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
HONORABLE JOSEPH C. WILKINSON, JR.